No. 9566.

THE STATE OF LOUISIANA VS. SAMUEL COHN.

An order of appeal in a criminal case, making an erroneous return both as to time and place, when suggested by appellant, is illegal and will not sustain the appeal.

An appeal lodged by appellant at a place different from that designated in the order, cannot be considered by the Supreme Court, and on motion will be dismissed.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

*M. J. Cunningham*, Attorney General, *L. D. Beale*, District Attorney, for the State, Appellee.

*H. N. Sherburne* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. This appeal was taken on July 3, 1885, and on motion of counsel for the accused it was made returnable to this Court, at Shreveport, on the second Monday of October, 1885. As this Court held a ˈsession at Opelousas, which begun on the first Monday of July, the appeal should have been made returnable at that place within ten days after the order granting the appeal. Act No. 30 of 1878, sec.. 4; Act No. 69 of 1884, sec. 4.

The erroneous return was made on appellant's own suggestion, hence the error which is fatal to his appeal must be attributed to him. State vs. Jenkins, 36 Ann. 865.

But it appears further that the transcript was not filed in this Court,. at Shreveport, in compliance with the order of the district court, and

that it was filed in this Court, at New Orleans, on the fourth of November, 1885.

This error is, if possible, still more palpable and fatal than the erroneous order of return both as to time and place.

In the recent case of the State vs. Narcisse Joseph, not yet reported,. the order of appeal rendered in June made the appeal returnable according to law, and the transcript was filed in this Court, at New Orleans, within ten days, and we held that the appeal should have been lodged at Opelousas in order to comply with the law, and that it was a. fatal error to have selected another place for the return.

The irregularity in the instant case is yet more glaring, hence the motion of the Attorney General to dismiss this appeal must prevail.

It is therefore ordered that the appeal herein be dismissed.